UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN AGNEW, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JEWEL AGNEW, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case number 4:13cv2468 TCM ) |
| FRESENIUS MEDICAL CARE NORTH AMERICA, INC.,[1] et al., | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motions to stay [Doc. 2] and to sever [Doc. 4], and on Plaintiffs' motion to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit, in the City of St. Louis, ("City Circuit Court") for lack of subject matter jurisdiction ("motion to remand") [Doc. 18].[2] After careful consideration, Defendants' motion to stay will be denied, Plaintiffs' motion to remand will be granted, and Defendants' motion to sever will be denied.

### **Background**

---

[1] Defendants report that this Defendant is not a separate legal entity, but a trade name for Defendant Fresenius Medical Care Holdings, Inc., identifying it as Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America. (See Answer ¶¶ 76, 78 [Doc. 6].) For purposes of this ruling, the Court will not consider Fresenius Medical Care North America as a separate legal entity or separate Defendant.

[2] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

The seventy-four Plaintiffs are individuals from twenty-seven states, including one from Delaware, one from Massachusetts, two from Missouri, and five from New York. (See Petition ¶¶ 2-75 [Doc. 15].) Plaintiffs seek monetary relief for injuries or deaths they or their decedents allegedly sustained as the alleged result of the use of Granuflo® dialysis products designed, manufactured, tested, promoted, and sold by one or more Defendants. (Id. ¶¶ 85, 86.) Defendants are Fresenius USA, Inc. and Fresenius USA Sales, Inc. ("Sales"),[3] which are organized and have their principal places of business in Massachusetts; Fresenius Medical Care Holdings, Inc.,[4] a New York corporation with its principal place of business in Massachusetts; and Fresenius USA Manufacturing and Fresenius USA Marketing, Delaware corporations with their principal places of business in Massachusetts. (See id. ¶¶ 76-81.)

In their nine-count petition, which was filed in the City Circuit Court, Plaintiffs allege that Defendants are liable based on theories of breach of express warranty (Count I), breach of implied warranty (Count II), negligence (Count III), strict liability failure to warn (Count IV), strict liability defective design or formulation (Count V), strict liability failure adequately to test (Count VI), strict liability nonconformance with representations (Count VII), negligent misrepresentation and/or fraud (Count VIII), and "loss of consortium" (Count IX).[5] (Pet. at 65-74.) Plaintiffs seek an award of damages, costs, and interest. (Id.)

---

[3] Defendants state that Sales was dissolved on March 29, 2010. (Answer ¶ 81.)

[4] As noted earlier, Defendants identify this Defendant as Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America. (See Answer ¶¶ 76, 78.)

[5] This Count IX, which is reportedly for loss of consortium, is captioned "only if not death case" but then contains allegations that decedents "suffered serious bodily injuries

- 2 -

**Discussion**

Motion to Stay. Defendants move to stay the proceedings in this case pending "its likely" transfer to a related MDL case, MDL 2428, In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.

The available record does not contain any indication that this case has been conditionally transferred to the MDL 2428 proceeding. Even if this case is conditionally transferred to the MDL 2428 proceeding, that does not, in and of itself, divest this Court of its power to rule a motion to remand. "The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. Rule of Procedure 2.1(d).

Because the motion to remand raises issues regarding this Court's subject matter jurisdiction and the JPML Rules do not prohibit this Court from resolving that motion, the Court will not stay this action. As another judge of this Court recently stated when denying defendants' motion to stay in another Granuflo® case,

> "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings [related to an MDL proceeding]. . . . "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." This Court is in the best position to determine subject matter jurisdiction, and waiting for a decision by the JPML before ruling on the motion to remand "would not promote the efficient administration of justice."

---

resulting in death" and that Defendants are liable for decedents' "wrongful death," and includes a footnote explaining that this claim applies to four specified decedents. (Pet. ¶¶ 266-69.)

**Spears v. Fresenius Medical Care No. Am., Inc.**, No. 4:13-CV-855 (CEJ), 2013 WL 2643302, at *1 (E.D. Mo. 2013) (citations omitted; first alteration in original). Jurisdiction is a threshold matter that should be given priority. See **Vermont Agency of Natural Resources v. U. S. ex. rel. Stevens**, 529 U.S. 765, 778 (2000) ("Questions of jurisdiction, of course, should be given priority -- since if there is no jurisdiction there is no authority to sit in judgment of anything else"); **Ruhrgas AG v. Marathon Oil Co.**, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception, . . . for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause" (internal quotation marks, alterations in original, and citations omitted)).

While Defendants attempt to distinguish the circumstances surrounding the **Spears** case and this proceeding, and cite to numerous decisions from other jurisdictions resolving requests for stays when remand motions are pending, this Court finds the analysis in **Spears** persuasive, and will follow it. Accordingly, Defendants' motion to stay will be denied.

Motion to Remand. Plaintiffs seek remand to the City Circuit Court on the ground all of Plaintiffs' claims are properly joined and this Court lacks subject matter jurisdiction due to the absence of complete diversity, citing **In Re Prempro Prods. Liab. Litig.**, 591 F.3d 613 (8th Cir. 2010) ("Prempro") and **Spears**, supra.[6] Defendants oppose remand and removed the

---

[6] Plaintiffs also seek remand on the grounds Defendants' notice of removal was not timely. Having found remand proper due to the lack of subject matter jurisdiction, the Court will not address the timeliness issue.

- 4 -

lawsuit from the City Circuit Court due to this Court's diversity jurisdiction and the fraudulent misjoinder of non-diverse Plaintiffs.

A federal court is a court of limited jurisdiction. **Myers v. Richland Cnty.**, 429 F.3d 740, 745 (8th Cir. 2005) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). A defendant may remove a civil action filed in a state court to the proper federal district court if that court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Here, Defendants removed Plaintiffs' lawsuit from the City Circuit Court based on this Court's diversity jurisdiction. District courts have original diversity jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). If the district court lacks subject matter jurisdiction, then the removed case must be remanded to state court. 28 U.S.C. § 1447(c). The removing party or parties bear the burden of establishing federal jurisdiction by a preponderance of the evidence, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." **Prempro**, 591 F.3d at 620.

The present dispute focuses on the complete diversity requirement of this Court's diversity jurisdiction. Complete diversity of citizenship exists "'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" **Id**. at 619 (quoting OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007)). The allegations in Plaintiffs' petition indicate that complete diversity does not exist here because one Plaintiff resides in Delaware, one resides in Massachusetts, and five reside in New York, states of which one or more Defendants are citizens. Nevertheless, Defendants urge this Court has

diversity jurisdiction over Plaintiffs' removed action based on the fraudulent misjoinder doctrine.

While acknowledging certain courts' recognition of the fraudulent misjoinder doctrine as a basis for a district court's subject matter jurisdiction over a removed case, the United States Court of Appeals for the Eighth Circuit has not yet decided whether that doctrine supports a district court's diversity jurisdiction upon removal. **Id.** at 622.

> A[nother] exception to the complete diversity rule is the fraudulent misjoinder doctrine, which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

**Id.** at 620 (footnotes omitted) (quoting Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L. Rev. 52, 57 (2008)).

In **Prempro**, supra, women and relatives of deceased women who developed breast cancer as the alleged result of taking hormone replacement therapy (HRT) drugs manufactured and marketed by the defendant companies filed three lawsuits seeking monetary relief from the defendants based on tort, breach of warranty, and statutory theories of liability. **Prempro**, 591 F.3d at 616-17. After removal on the grounds of fraudulent misjoinder, the plaintiffs sought remand "for lack of subject matter jurisdiction, asserting that complete diversity between the plaintiffs and defendants did not exist." **Id.** at 618. In relevant part, the district court denied the motions to remand based on its conclusion that the non-diverse

plaintiffs were misjoined because "there was no reason for the joinder of the non-diverse plaintiffs other than to defeat diversity jurisdiction." **Id.** at 618, 619. The district court found that the only thing common to all of the plaintiffs was that they took an HRT drug; otherwise, as the court found, the plaintiffs were residents of different states, the plaintiffs were prescribed different HRT drugs by different doctors, for different lengths of time, and in different amounts, and the plaintiffs suffered different injuries. **Id.** at 618.

In reversing the denial of remand, the Eighth Circuit declined to "either adopt or reject" the fraudulent misjoinder doctrine, concluding that "even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." **Id.** at 622. Noting that Federal Rule of Civil Procedure 20(a)(1) permits multiple plaintiffs to join in a single action if their claims are asserted "with respect to or aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action," the Eighth Circuit acknowledged this Rule "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." **Id.** The Eighth Circuit could not "say that [the plaintiffs'] claims have 'no real connection' to each other such that they are egregiously misjoined" and concluded that the defendants had not presented evidence that the "plaintiffs joined their claims to avoid diversity jurisdiction," that the plaintiffs "acted with bad faith," or that the "plaintiffs' misjoinder borders on a 'sham'" so as to establish egregious misjoinder of claims. **Id.** at 623, 624. Accordingly, the Eighth Circuit held the joinder of claims did "not constitute egregious misjoinder, complete diversity d[id] not exist and the district court erred in denying [the]

plaintiffs' motions to remand to state court." **Id.** at 624 (addressing three consolidated cases, including one in which fifty-seven women named eleven defendants, one in which one representative of six female decedents sued six defendants).

In **Spears**, this Court found that

> defendants have not demonstrated that the joinder of a Massachusetts citizen with the other plaintiffs in this action "borders on a 'sham.'" Prempro, 591 F.3d at 624. . . . [P]laintiffs in this case have filed suit against defendants for injuries or death caused by the same product and arising out of the same development, distribution, marketing, and sales practices for that product, and common issues of law and fact are likely to arise in the litigation.
>
> Defendants argue that each plaintiff's claim will depend upon unique factual determinations, that numerous different states' laws apply to plaintiffs' claims, and that plaintiffs' joinder was specifically calculated to defeat federal jurisdiction. The Court finds these arguments unpersuasive. Plaintiffs' claims need not arise from the same transaction or occurrence, nor must they share a common outcome, so long as common questions of law or fact are likely to arise in the litigation. Prempro, 591 F.3d at 622-23. Finally, "the bad faith referred to [in Prempro] must be something more than a desire to defeat federal jurisdiction." Dickerson v. GlaxoSmithKline, LLC, No. 4:10-CV-972 (AGF), 2010 WL 2757339, at *2 (E.D. Mo. July 12, 2010) (citing Iowa Pub. Serv. Coc. v. Med. bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1997)).
>
> Plaintiffs were not egregiously joined in this suit, and, as such, there is no complete diversity of citizenship as required by 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction.

**Spears**, 2013 WL 2643302, at *3.

Finding persuasive the reasoning of the Eighth Circuit's **Prempro** decision and of this Court's decision in **Spears**, the Court finds that remand is warranted here because, even if the fraudulent misjoinder doctrine applies, it does not support this Court's exercise of jurisdiction under the circumstances. Defendants urge there is fraudulent misjoinder here because the numerous Plaintiffs are from different states and received care from different doctors at

different times and experienced administration of GranuFlo® resulting in different injuries. Those facts, however, are not sufficient to support remand under the fraudulent misjoinder doctrine. Similar arguments were rejected by in the **Prempro** and **Spears** decisions. As the Eighth Circuit concluded, "there may be a palpable connection between the plaintiffs' claims against the manufacturers as they all relate to similar drugs and injuries and the manufacturers' knowledge of the risks of HRT drugs." **Prempro**, 591 F.3d at 623. This determination applies equally here, because Plaintiffs' claims "all relate to [the administration of Granuflo®] and [similar] injuries and the manufacturers' knowledge of the risks of [the GranuFlo®]."

To the extent Defendants rely on defenses to the merits of certain non-diverse Plaintiffs' claims in an effort to defeat remand, those arguments are not persuasive because they do not focus on every New York Plaintiff, leaving at least one, if not more, non-diverse Plaintiffs in the case even if this Court agreed with Defendants' analysis.

Having carefully considered the record and the parties' arguments; and concluding that one or more common questions of law and fact, including issues pertaining to the safety of GranuFlo® and Defendants' knowledge and warnings of the risks of GranuFlo®, are likely to arise in this lawsuit; and finding that Defendants have not shown egregious misjoinder, Plaintiffs' motion to remand will be granted.

<u>Motion to Sever.</u>  As in **Spears**, <u>supra</u>, the motion to sever will be denied without further discussion.

## Conclusion

After careful consideration,

**IT IS HEREBY ORDERED** that Defendants' motions to stay [Doc. 2] and to sever [Doc. 4] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand [Doc. 18] is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall remand this case to the Circuit Court for the Twenty-Second Judicial Circuit (St. Louis City) for the State of Missouri for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of January, 2014.